## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF NEW YORK

DENISE GERMANO,

                                  Plaintiff,

-vs-

WEBSTER CENTRAL SCHOOL DISTRICT,

                                  Defendant.

DECISION and ORDER

12-CV-6361-CJS

### APPEARANCES

For Plaintiff:                    Christina A. Agola, Esq.
                                     Ryan Charles Woodworth, Esq.
                                     Christina Agola PLLC
                                     1415 Monroe Avenue
                                     Rochester, NY 14618
                                     (585) 262-3320

For Defendant:            Colleen Walsh Heinrich, Esq.
                                     Miles G. Lawlor, Esq.
                                     Ferrara, Fiorenza, Larrison, Barrett & Reitz, P.C.
                                     5010 Campuswood Drive
                                     East Syracuse, NY 13057
                                     (315) 437-7600

### INTRODUCTION

**Siragusa, J.** This employment discrimination case is before the Court on Defendant's motion to dismiss, or, in the alternative, for summary judgment. For the reasons stated below, the application to dismiss is granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

### FACTUAL BACKGROUND

For the purposes of the motion to dismiss, the Court assumes the following factual allegations from the complaint are true:

9. Plaintiff was hired by Defendant as a teacher's aide beginning in September 1997 until she was unlawfully terminated in 2008.

10. Plaintiff's responsibilities included assisting teachers in non-instructional duties, as well as supervising and providing assistance to students, particularly students with disabilities.

11. Plaintiff worked in that capacity at Defendant's Schlegel Elementary School.

12. Plaintiff maintained an above average work performance record throughout her tenure; in fact, she consistently received positive reviews (*i.e.* particularly in the manner which she treats her students) from her superior(s) throughout the fifteen (15) years she was employed with Defendant. Further, at the time of the incidents set forth herein, Plaintiff had no prior discipline and had a "clean" record.

13. For all times relevant herein, Plaintiff suffered from a disability and/or impairment as defined by the ADA which affects several major life activities.

14. Specifically, Plaintiff suffers from the psychiatric disorders acute anxiety and depression.

15. The "major life activities" as defined by the ADA which affected Plaintiff included "concentrating, thinking, communicating and working." 42 U.S.C. § 12102(A).

16. Defendant was aware that Plaintiff suffered from acute anxiety and depression. Further, for all relevant times herein, Defendant regarded Plaintiff as having such a disability and/or impairment under 42 U.S.C. § 12102(1).

17. Defendant regarded Plaintiff as substantially limited in the major life activities enumerated above, and subjected her to a hostile environment culminating in her termination because of a perception of Plaintiff's known illness based on myth, fear, and/or stereotype, as detailed below.

18. In January of 2011, Plaintiff was not feeling well and Plaintiff reported to Principal Francine Leggett that she was being ordered by her physician to have her blood tested, along with other various medical tests, and that if she was absent as a result that this would be the reason why.

19. On March 11, 2011, a student incident occurred shortly after Plaintiff left the gym to go to the bathroom and Plaintiff left two students, a male and a female, in the care of Physical Education teacher Sarah Nesser.

20. Apparently one of the students grabbed the other and injured her face; Plaintiff took the injured female student to the nurse and Nesser took the male student to the main office.

21. At one point, the students were reunited in Principal Leggett's office along with Nesser, where both the nurse and Plaintiff heard the Principal and Nesser admonish the male student not to hit other students.

22. Shortly thereafter, Principal Leggett confronted Plaintiff and admonished her, inexplicably, for causing the male student to strike the female student, despite the fact that this is not what occurred, since Plaintiff left the students with Nesser to go to the bathroom when these alleged events occurred, and further, Plaintiff had received permission to go to the bathroom in any event.

23. On March 17, 2011 the same male student involved with afore-stated altercation with the female student (for which Plaintiff was blamed) physically struck the Plaintiff without provocation, causing the Plaintiff to bleed profusely.

24. The Plaintiff filled out an incident report and submitted it to the nurse.

25. Following the submission of the incident report with the male student Plaintiff was advised that Principal Leggett wanted to meet with her immediately and scheduled a meeting for Friday, March 24th, 2011 at 1:30 p.m.

26. Principal Leggett also contacted Plaintiff's union representative Diane Mazzol-Bovee regarding the meeting and advised her to be there.

27. Prior to the meeting, Bovee met with Carm Gumina the District's Director of Human Resources, to explain that Plaintiff had a clean disciplinary record and to ask what the meeting was about.

28. No one, except Leggett and Gumina, had any idea about what the meeting was about.

29. At the conclusion of the March 24th meeting, with no investigation having even commenced, Plaintiff was informed by Gumina that she was suspended after fifteen (15) years of dedicated service until further investigation of the incidents as set forth above.

30. On March 28, 2011, Plaintiff was informed by Union President Bovee via e-mail that Director of Human Resource Gamina indicated that Plaintiff would either be terminated, or have the option to resign at the conclusion of its investigation into Plaintiff conduct. Again, this recommendation was

made in the absence of any legitimate investigation into the alleged wrongdoings of the Plaintiff.

31. On or about April 4, 2011, Plaintiff advised the Defendant that she had a good faith basis to believe that the disciplinary actions taken by the Defendants against her were discriminatory on the basis of her psychiatric disability, perceived or otherwise, by Principal Leggett.

32. Shortly thereafter, the Defendant responded by denying that Principal Leggett engaged in any discriminatory conduct towards the Plaintiff.

33. On April 6, 2011, Plaintiff set to the Defendant a copy of her diagnosis from her doctor.

34. Thereafter, the Defendant failed to renew the Plaintiff's contract, as it had done for fifteen (15) years previously. As such, disability was the sole reason for her termination, and any reason advanced by the Defendant is pretextual.

Compl. ¶¶ 9–34. Although Plaintiff's complaint recites only one cause of action for discrimination under the Americans with Disabilities Act ("ADA"), she is apparently seeking relief under two different theories, discrimination and retaliation.

## STANDARDS OF LAW

### *Motion to Dismiss*

The U.S. Supreme Court, in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), clarified the standard to be applied to a 12(b)(6) motion:

Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests. While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a Plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

*Id.* at 1964-65 (citations and internal quotations omitted).  *See also*, *ATSI Communications, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) ("To survive dismissal,

the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*) (footnote omitted); *Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) (Indicating that *Bell Atl. Corp. v. Twombly* adopted "a flexible 'plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible[,]" as opposed to merely conceivable.)

When applying this standard, a district court must accept the allegations contained in the complaint as true and draw all reasonable inferences in favor of the nonmoving party. *Burnette v. Carothers*, 192 F.3d 52, 56 (1999), *cert. denied*, 531 U.S. 1052 (2000). On the other hand, "[c]onclusory allegations of the legal status of the defendants' acts need not be accepted as true for the purposes of ruling on a motion to dismiss." *Hirsch v. Arthur Andersen & Co.*, 72 F.3d 1085, 1092 (2d Cir. 1995)(*citing In re American Express Co. Shareholder Litig.*, 39 F.3d 395, 400-01 n. 3 (2d Cir. 1994)). As the Supreme Court clarified in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009):

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.*, at 555, (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not "show[n]"—"that the pleader is entitled to relief." FED. RULE CIV. PROC. 8(a)(2).

*Iqbal*, 556 U.S. at 678–79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)).

"In considering a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 773 (2d Cir. 1991).The Court must view the complaint, and draw all reasonable inferences, in the light most favorable to the non-moving party. *Id.*; *see also* 2 MOORE'S FEDERAL PRACTICE, § 12.34[1][b] (Matthew Bender 3d ed.) (court must accept plaintiff's factual allegations as true). Under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), and that "all pleadings shall be so construed as to do substantial justice," FED. R. CIV. P. 8(f). On a Rule 12(b)(6) motion, the issue before the Court "is not whether a plaintiff will ultimately prevail, but whether the claimant is entitled to offer evidence to support the claim." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995).

### *Papers Incorporated into the Complaint*

As the Court of Appeals stated, "[f]or purposes of a motion to dismiss, we have deemed a complaint to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference . . . and documents that the plaintiffs either possessed or knew about and upon which they relied in bringing the suit . . . ." *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citation omitted). Thus, the Court will employ the same rule in examining the papers outside the complaint, and will, therefore, consider the content of the email advisement, to which Plaintiff refers in ¶ 31 of her Complaint (¶ 31 is set forth above at p. 4).

***Americans with Disabilities Act (ADA)***

The Second Circuit observed in *Lyons v. Legal Aid Soc.*, 68 F.3d 1512 (2d Cir.

1995) observed:

> [U]nder either the ADA or the Rehabilitation Act, a plaintiff can state a
> claim for discrimination based upon her employer's failure to
> accommodate her handicap by alleging facts showing (1) that the
> employer is subject to the statute under which the claim is brought, (2) that
> she is an individual with a disability within the meaning of the statute in
> question, (3) that, with or without reasonable accommodation, she could
> perform the essential functions of the job, and (4) that the employer had
> notice of the plaintiff's disability and failed to provide such
> accommodation.

*Lyons*, 68 F.3d at 1515.

***Retaliation***

In *Weixel v. Board of Educ. of City of New York*, 287 F.3d 138 (2d Cir. 2002), the

Second Circuit explained:

> the elements of a retaliation claim under either Section 504 or the ADA are
> "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator
> knew that plaintiff was involved in protected activity; (iii) an adverse
> decision or course of action was taken against plaintiff; and (iv) a causal
> connection exists between the protected activity and the adverse action."

*Weixel*, 287 F.3d at 148–49 (quoting *Weixel v. Board of Educ. of City of New York*, No.

97 CIV. 9367 (DAB), 2000 WL 1100395 (2d Cir. Aug 7, 2000) (other citations omitted).

## ANALYSIS

***Standard for Fed. R. Civ. P. 12(b)(6)***

In the memorandum of law submitted in opposition to Defendant's application,

Plaintiff's counsel, Christina Agola, PLLC,[1] states that "dismissal…is limited to those

instances where it is certain that no relief could be granted under any set of facts that

---

[1] The memorandum was submitted by Christina A. Agola, PLLC, signed by Ryan C.
Woodworth, Esq. Mr. Woodworth stated in his Notice of Appearance, Sept. 6, 2012, ECF No.
11, that he was "additional counsel."

could be proved." Pl.'s Mem. of Law at 7. Ms. Agola and her firm have been on notice

since at least September 8, 2010, that this is not the correct standard of review, when,

in an unrelated case on which she was counsel, the Court admonished:

> Surprisingly, Plaintiff urges the Court to review this motion pursuant to the
> old standard from *Conley v. Gibson*, 355 U.S. 41, 45–46 (1957) (the Court
> may dismiss the complaint only if "it appears beyond doubt that the
> plaintiff can prove no set of facts in support of his claim which would entitle
> him to relief"), this despite the fact that the Supreme Court announced it
> three years ago, that, "after puzzling the profession for 50 years, this
> famous observation has earned its retirement. The phrase is best
> forgotten as an incomplete, negative gloss on an accepted pleading
> standard: once a claim has been stated adequately, it may be supported
> by showing any set of facts consistent with the allegations in the
> complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 563 (2007).

*Kleehammer v. Monroe County,* 743 F.Supp.2d 175, 180 (W.D.N.Y. 2010) (footnote

omitted). The Court must, of course, apply the *Twombly/Iqbal* standard described above

in adjudicating Defendant's motion to dismiss, and, once again, admonishes Plaintiff's

counsel to employ the correct standard of review.[2]

### Discrimination in Employment – ADA

In the first cause of action, Plaintiff alleges that Defendant retaliated against her

for complaining of discrimination under the ADA and for terminating her as a result of

her psychiatric disability or perceived disability. Compl. ¶ 37.

The complaint sets forth only one instance of protected activity under the ADA:

The April 4, 2011, email to employees of Defendant. That email stated, in pertinent part,

as follows:

> Please be advised that I have a good faith basis to believe that I have
> been subject to discrimination on the basis of my perceived disability and
> on the basis that after 15 years the district now perceives me to be unable

---

[2] At oral argument, Steven E. Laprade Esq. appearing on behalf of Christina A. Agola, PLLC, acknowledged that Plaintiff's Memorandum of Law, submitted in opposition to Defendant's application for 12(b)(6) dismissal recited the wrong standard of law.

to perform the essential functions of my job, and my age. Please take prompt remedial action with regard to the same.

Denise Germano email to Francine Leggett, Adele Bovard and Carm Gumina of Apr. 4, 2011 at 2:25 pm (attached to Gumina Aff. as Ex. B); Compl. ¶ 31. Presumably, Defendant knew of the protected activity as of April 4, 2011, since the email was addressed to at least two of Defendant's employees. *See* Compl. ¶¶ 18 & 27 (Francine Leggett was Plaintiff's principal and Carm Gumina was Defendant's Director of Human Resources). The April 4, 2011, email did not identify from what, if any, disability Plaintiff suffered, or was perceived to suffer.

More to the point, the "retaliation" of which Plaintiff complains occurred on March 28, 2011, when Defendant notified Plaintiff that, if she did not resign, she would be terminated. Compl. ¶ 30. Temporal proximity is obviously lacking here, since the alleged adverse action took place *prior* to the protected activity. That is, if Plaintiff is alleging that the retaliatory employment action was the non-renewal of her contract, Compl. ¶ 34, she has failed to allege a causal connection between the April 4 complaint and the lack of renewal. Prior to her engagement in a protected activity, she had already been notified she would be terminated if she failed to resign. Thus, the termination, which occurred after the April 4, 2011, email, does not raise a plausible claim of retaliation for engaging in a protected ADA activity. Accordingly, the retaliation claim is dismissed.

Turning to the ADA discrimination claim, Plaintiff appears to rely on her January 2011 statement to the principal that she "was not feeling well," and "was being ordered by her physician to have her blood tested, along with various medical tests . . ." as proof that her employer had notice of her disability. Compl. ¶ 18. These allegations do not

raise a plausible claim under the ADA. They in no way show that Defendant had notice Plaintiff was an individual with a disability within the meaning of the ADA.

Plaintiff also alleges she "suffers from the psychiatric disorders acute anxiety and depression," Compl. ¶ 14, and that Defendant was aware she suffered from acute anxiety and depression. Compl. ¶ 16. However, it was not until April 6, 2011, that Plaintiff's doctor sent Defendant a copy of her diagnosis, Compl. ¶ 33. Once again, Plaintiff's allegations fail to raise a plausible claim that her employer had notice of her disability prior to making the decision to terminate her, or allow her to resign, a decision Defendant made on March 28, 2011. Compl. ¶ 30. This claim, too, is dismissed.

## CONCLUSION

For the reasons stated above, Defendant's application for an Order dismissing the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), ECF No. 9, is granted. The Clerk is directed to enter Judgment for Defendant and close this case.

IT IS SO ORDERED.

Date:  December 4, 2012
       Rochester, New York

      ENTER:                     /s/ Charles J. Siragusa
                                    CHARLES J. SIRAGUSA
                                    United States District Judge